IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RICHARD CONYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-046 |
| | ) | |
| WARDEN BRIAN CHAMBERS; | ) | |
| CAPTAIN SCOTTIE ROACH; | ) | |
| MRS. BRAGG, Deputy Warden; | ) | |
| POSSOR, Deputy Warden; and GEORGIA | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983 concerning events taking place at Johnson State Prison ("JSP") in Wrightsville, Georgia. Because Plaintiff is proceeding IFP, the complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **SCREENING THE COMPLAINT**

   A.  **BACKGROUND**

Plaintiff names the following Defendants: (1) Brian Chambers, Warden of JSP, (2) Scottie Roach, JSP Captain, (3) Deputy Warden Braggs, (4) Deputy Warden Possor, and (5)

the Georgia Department of Corrections ("GDC").  (Doc. no. 1, p. 4.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff is an inmate at JSP who identifies as transgender.  (Id. at 5.)  On April 19, 2023, Defendants Roach and Bragg searched Plaintiff's cell and confiscated one tablet device.  (Id.)  The next day, non-party Lt. Green told Plaintiff to pack up presumably in anticipation of being transferred to administrative segregation.  (Id.)  After Plaintiff asked why, Lt. Green replied, "I don't know the reason[,] I'm just a Lieutenant."  (Id.)  Before being sent to administrative segregation, Defendant Roach told Plaintiff, "do you have any knowledge why you [have] been lock[ed] up . . . . Think about it, pending investigation[s] can be a reason to place you in segregation without a disciplinary report."  (Id. at 5-6.)  Plaintiff was then presumably transferred to administrative segregation at JSP.

On the evening of April 21, 2023, Defendant Bragg was making her security rounds in administrative segregation and "looked stone-faced when she stopped at [Plaintiff's] cell door."  (Id. at 6.)  Plaintiff just wanted to speak with Defendant Bragg about segregation, but she was prejudiced against transgender inmates.  (Id.)

While in segregation, Plaintiff experienced "inhumane conditions of confinement," including "no shower[s]" and "no cell clean up," unlike other inmates in segregation.  (Id. at 7.)  Defendant Roach ignored Plaintiff's pleas for help and moved Plaintiff to an open dorm when Plaintiff asked for a two-man cell instead.  (Id.)

Defendant Bragg also removed Plaintiff from the Faith and Character Based Initiative program.  (Id.)  Plaintiff states officials violated the GDC "see something, say something" policy, and as a result Plaintiff was singled out as a "big-mouth transgender."  (Id. at 7.)  Last,

2

Plaintiff alleges Defendant Possor "showed prejudice within due process violation while under administrative segregation." (Id.) Plaintiff also alleges Defendant Chambers is liable as warden of JSP.

**B.     DISCUSSION**

   **1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it

3

"tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. GDC is Not Subject to Liability in a § 1983 Suit

"The Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."); Stevens, 864 F.2d at 115 (Eleventh Amendment bars suit against GDC); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent."). Because Defendant GDC is an agency of the state, it should be dismissed from the case.

### 3. Plaintiff Fails to State a Supervisory Liability Claim Against Defendant Chambers

"Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendants liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Plaintiff improperly seeks to hold Defendant Chambers liable via *respondeat superior*. Indeed, Plaintiff's complaint only mentions Defendant Chambers to say he "is legally responsible for the operations of [JSP] and for the welfare of all offenders and staffs of that prison." (Doc. no. 1, p. 7.) Nowhere does Plaintiff allege Defendant Chambers was present for, or participated in, any alleged constitutional violations.

Therefore, Plaintiff must allege a causal connection between Defendant Chambers and

the asserted constitutional violations.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff fails to allege facts sufficient to support the necessary causal connection. Plaintiff has not alleged (1) a history of widespread abuse at JSP, (2) an improper custom or policy put in place by Defendant Chambers, or (3) an inference Defendant Chambers directed prison employees to act, or knew they would act, unlawfully.  In sum, Plaintiff has not shown Defendant Chambers actually participated in any alleged constitutional violations, nor has Plaintiff drawn the necessary causal connection to an alleged violation.  Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendant Chambers, and he should be dismissed from this case.

### 4. Plaintiff Fails to State a Due Process Claim

To state a due process claim, Plaintiff must allege "(1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." Quintanilla v. Bryson, 730 F. App'x 738, 743 (11th Cir. 2018) (quoting Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003).

Prisoners have "no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison." Kramer v. Donald, 286 F. App'x 674, 676 (11th Cir. 2008); see also Meachum v. Fano, 427 U.S. 215, 223-24 (1976) (finding no liberty interest in transfer to less agreeable prison). However, there are two instances in which a prisoner may claim a protected liberty interest has been violated by placement in punitive segregation: the placement (1) "will inevitably affect the duration of his sentence"; or (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 486 (1995). As Plaintiff has not alleged placement in administrative segregation will extend the length of incarceration, the Court turns to the "atypical and significant hardship" prong.

"It is plain that the transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Al-Amin, 165 F. App'x at 738-39 (citing Hewitt v. Helms, 459 U.S. 460, 468 (1983), modified on other grounds, Sandin, 515 U.S. at 481)); see also Chandler v. Baird, 926 F.2d 1057, 1060 (11th Cir. 1991) (stating Due Process Clause does not "create 'an interest in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.'" (citation omitted)). Thus, the Court must consider whether a deprivation of in-prison benefits "impose[s] atypical and significant hardship on [Plaintiff] in relation to the ordinary

7

incidents of prison life." Hill v. Sellars, No. 5:15-CV-00453, 2016 WL 7972197, at *5 (M.D. Ga. Nov. 17, 2016) (citing Sandin, 515 U.S. at 484 and Wilkinson v. Austin, 545 U.S. 209, 223 (2005)), *adopted by* 2017 WL 343638 (M.D. Ga. Jan. 23, 2017). To meet this pleading requirement, Plaintiff "must state or allege facts to show an 'atypical and significant hardship.'" Gilyard v. McLaughlin, No. 5:14-CV-185, 2015 WL 1019910, at *7 (M.D. Ga. Mar. 9, 2015). Stated otherwise, for the Court to determine whether the state has created a protected liberty interest, Plaintiff must allege sufficient facts about the "ordinary incidents of prison life" and the conditions of confinement he experiences to state a plausible claim for relief. See Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013); Hill, 2016 WL 7972197, at *5

Plaintiff fails to allege sufficient facts that show placement in administrative segregation "imposes atypical and significant hardship" compared to other inmates at JSP placed in the general population. Although Plaintiff has described some poor conditions in administrative segregation, Plaintiff fails to provide any facts regarding the conditions in the general population. See Hill, 2016 WL 7972197, at *5 (finding a prisoner's allegations of "harsh living conditions," without a description of the general population's living conditions, insufficient to make a plausible claim for relief as plaintiff's allegations were "typical of segregated confinement."). Similarly, Plaintiff's alleged removal from the prisons' Faith and Character Based Initiative fails to violate Due Process. Plaintiff neither describes the program nor shows whether removal was related to placement in segregation. Plaintiff fails to state a Due Process claim against any Defendant. As Plaintiff's only mention of Defendant Possor in the complaint concerns a due process violation, he should be dismissed form this case.

### 5. Official Capacity Monetary Damages

Plaintiff is suing Defendants in their individual and official capacities. (Doc. no. 1, p. 1.) However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against Defendants for monetary relief fails as a matter of law.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Chambers, Possor, and GDC, as well as Plaintiff's due process and official capacity monetary damages claims, be **DISMISSED** for failure to state a claim upon which relief can be granted. By separate Order, the Court directs service of process on Defendants Bragg and Roach based on Plaintiff's allegations of violations of the Equal Protection Clause of the Fourteenth Amendment.

SO REPORTED and RECOMMENDED this 1st day of August, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA